# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL P. RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> KEY 2 RECOVERY, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.1:23-cv-00063 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DANIEL P. RIVERA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of KEY 2 RECOVERY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and under the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural "person" over 18 years of age, residing in Los Fresnos, Texas, within the Southern District of Texas.

5. Defendant is a third-party debt collector that primarily collects on educational debts, and in connection therewith, regularly collects or attempts to collect upon purportedly defaulted obligations said to be owed to others, including from those in the state of Texas. Defendant is a corporation organized and existing under the laws of the state of Ohio with its principal place of business located at 201 N Brookwood Avenue, Hamilton, Ohio 45013.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted educational debt ("subject consumer debt") said to be owed by Plaintiff.

8. Upon information and belief, following Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged off and placed with Defendant for collection purposes.

9. In approximately February of 2023, Plaintiff began receiving calls to his cellular phone (956) XXX-8165 from Defendant, seeking collection of the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8165. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone numbers (877) 322-5392 and (513) 874-2288 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon speaking with Defendant, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject consumer debt.

13. Defendant informed Plaintiff that it was attempting to collect on an educational debt said to be owed to South Texas College.

14. Defendant also communicated to Plaintiff that the "school does not want to settle" despite not having such knowledge and discouraged him from paying the school directly when Plaintiff inquired about that option.

15. Furthermore, on two different occasions Plaintiff tried to have a conversation with Defendant regarding the subject consumer debt but Defendant rudely hung up on him.

16. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, and violations of his state and federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

23. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

24. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. Defendant violated § 1692d by hanging up on Plaintiff. Defendants conduct was designed to entice Plaintiff to pay on the subject consumer debt with a show of disrespect, thereby oppressing and abusing him.

    b.  **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§ 1692e and 1692e(10) when it deceptively communicated to Plaintiff that the originator of the subject consumer debt did not want to settle the same despite not having any such knowledge, thus attempting to coerce him into making payment. Further, Defendant discouraged Plaintiff from paying the original creditor directly, or even contacting the original

4

creditor to further its aim to get paid directly. Defendant engaged in this deceptive conduct in an attempt to convince Plaintiff that its otherwise harassing phone calls were somehow proper.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly hung up on Plaintiff, lied to him about the original creditor not wanting to settle, and discouraging him from even contacting the original creditor or paying it directly when all Plaintiff was trying to do was take care of one of his financial obligations.

WHEREFORE, Plaintiff, DANIEL P. RIVERA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and 392.001(7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that they had the lawful ability to harass Plaintiff by hanging up on him, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, DANIEL P. RIVERA, respectfully requests that this Honorable Court enter judgment in his favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  April 21, 2022                           Respectfully submitted,

                                                          s/ Nathan C. Volheim
                                                          Nathan C. Volheim, Esq. #6302103

Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com